UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRUCE GATES, on behalf of himself and those similarly situated,

       Plaintiff,

vs.

TF FINAL MILE, LLC, a Foreign Limited Liability Company, f/k/a DYNAMEX OPERATIONS EAST, LLC, a Foreign Limited Liability Company,

       Defendant.
_____/

CASE NO.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRUCE GATES, on behalf of himself and those similarly situated, by and through the undersigned attorney, sues the Defendant, TF FINAL MILE, LLC, a Foreign Limited Liability Company, f/k/a DYNAMEX OPERATIONS EAST, LLC, a Foreign Limited Liability

1

Company, (hereinafter "Dynamex")[1] and alleges:

1. Over the last three years, Dynamex has employed hundreds of individuals, including Plaintiff, in the greater Atlanta area who worked as same-day delivery/courier drivers which service the clients of Dynamex. These drivers are classified as "independent contractors" and are not paid overtime wages under the Fair Labor Standards Act, nor are they guaranteed appropriate minimum wages for their work performed. Each of these similarly situated drivers are paid per trip or a percentage of each trip and misclassified as independent contractors. As a result of this pay practice, these misclassified drivers have not been paid any overtime wages whatsoever for overtime hours worked by them and have not been paid the appropriate minimum wages in some weeks worked by them for years.

2. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, unpaid minimum wages, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

---

[1] On November 13, 2015, Defendant filed an Amended Certificate of Authority

## GENERAL ALLEGATIONS

3. Plaintiff worked as a driver for Dynamex wherein he has been classified as an independent contractor.

4. Plaintiff has worked for Dynamex and its predecessors for approximately twenty-five (25) years.

5. Plaintiff, along with numerous other drivers, worked for Dynamex out of their Kennesaw location in the Greater Atlanta area.

6. Dynamex is a foreign limited liability company which operates and conducts business in, among other locations, Cobb County, Georgia and is therefore, within the jurisdiction of this Court.

7. Dynamex is a transportation management solutions company which services customers throughout the country by providing outsourced delivery/courier services, among other transportation services. *See* www.dynamex.com

8. Dynamex operates a branch in the greater Atlanta area and contracts with individuals, such as Plaintiff, to provide these transportation and delivery/courier services. *See* Exhibit A (Dynamex

---

Name Change with the state of Georgia changing their name from Dynamex

website excerpt describing services provided in Atlanta).

9. This action is brought under the FLSA to recover from Defendant overtime compensation, minimum wage compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every driver who was classified as an independent contractor and who worked out of the Dynamex location in the greater Atlanta area at any time within the past three (3) years within the State of Georgia.

10. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

11. During Plaintiff's employment with Dynamex, Dynamex earned more than $500,000.00 per year in gross sales.

12. During Plaintiff's employment with Dynamex, Dynamex employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

13. Included in such goods, materials and supplies were

---

Operations East, LLC to TF Final Mile, LLC.

computers, telephones, servers, vehicles, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

14. Therefore, Dynamex is considered an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

15. At all times relevant to this action, Dynamex failed to comply with the FLSA by misclassifying Plaintiff and the other drivers as independent contractors and by failing to pay complete and proper overtime compensation and minimum wages to Plaintiff and these similarly situated drivers.

16. During the last three years or more, Dynamex has operated a same day delivery/courier service in the greater Atlanta area.

17. To service the Dynamex clients, there are numerous drivers who transport the items Dynamex's customers need delivered.

18. Each driver must execute an "independent contractor" agreement to work for Dynamex.

19. Each driver is paid by the same uniform compensation model

for the work performed by them.

20. Dynamex contracts with these drivers and classifies them as "independent contractors."

21. However, Dynamex both controlled Plaintiff and the other similarly situated drivers' job duties.

22. Dynamex told Plaintiff and these other drivers which routes to run, which customers to service, what the customer pay rates would be and other details on how to do their job.

23. Dynamex dictated the pay received by Plaintiff and these similarly situated drivers.

24. Plaintiff and the other drivers had no meaningful opportunity to choose the customers or routes they were assigned, or to bid or negotiate for certain jobs.

25. Dynamex required Plaintiff and other drivers to purchase certain equipment for the job, including a specific phone, uniforms, dollies and other delivery equipment.

26. The transportation and delivery job duties performed by Plaintiff and the other similarly situated drivers did not require advanced

training or a special skill.

27.   Plaintiff worked for Dynamex or its predecessors for years and was not temporary employment with Dynamex.

28.   Plaintiff worked with other similarly situated drivers who had worked similar lengths of employment as himself.

29.   Plaintiff and the similarly situated drivers were an integral part of Dynamex's business because without these workers, Dynamex's customers would not be served, and Dynamex would not generate income off of providing these services.

30.   As such, Plaintiff and the other similarly situated drivers were truly the employees of Dynamex under the FLSA and are entitled to complete overtime compensation for the overtime hours worked by them, as well as minimum wage guarantees for all hours worked by them.

31.   Upon information and belief, the records, to the extent any exist and are accurate, concerning the deliveries made and amounts paid to Plaintiff and the other similarly situated drivers are in the possession and custody of Dynamex.

32.   However, Dynamex failed to keep appropriate records under

the FLSA related to the total number of hours worked by Plaintiff and the other similarly situated drivers in violation of 29 C.F.R. § 516.20.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-32 above.

34. Plaintiff and those similarly situated drivers are/were entitled to be paid overtime compensation for their overtime hours worked.

35. During their employment with Dynamex, Plaintiff and those similarly situated drivers were misclassified as independent contractors and were not paid overtime compensation for overtime hours worked by them. *See* ¶¶ 15-30.

36. Dynamex did not have a good faith basis for their decision to classify Plaintiff and the other similarly situated drivers as independent contractors.

37. As a result of Dynamex's intentional, willful and unlawful acts in refusing to pay Plaintiff and those similarly situated drivers complete overtime compensation, Plaintiff and those similarly situated drivers have suffered damages plus incurring reasonable attorneys' fees

and costs.

38. As a result of Dynamex's willful or reckless violation of the FLSA, Plaintiff and those similarly situated drivers are entitled to liquidated damages.

39. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, BRUCE GATES, on behalf of himself and those similarly situated, demands judgment against Dynamex for unpaid overtime compensation, liquidated damages, prejudgment interest to the extent allowed by law, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGE COMPENSATION

40. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-32 above.

41. Plaintiff and those similarly situated drivers are/were entitled to be paid the appropriate minimum wage for all hours worked.

42. During their employment with Dynamex, Plaintiff and those similarly situated drivers were misclassified as independent contractors

and were not paid proper minimum wages in all weeks worked. *See* ¶¶ 15-30.

43. In some weeks, Plaintiff and the other similarly situated drivers worked so many hours that when compared to the pay they actually received, their regular rate of pay fell below the applicable minimum wage for that week.

44. Dynamex did not have a good faith basis for their decision to classify Plaintiff and the other similarly situated drivers as independent contractors.

45. As a result of Dynamex's intentional, willful and unlawful acts in refusing to pay Plaintiff and those similarly situated drivers proper minimum wages, Plaintiff and those similarly situated drivers have suffered damages plus incurring reasonable attorneys' fees and costs.

46. As a result of Dynamex's willful or reckless violation of the FLSA, Plaintiff and those similarly situated drivers are entitled to liquidated damages.

47. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, BRUCE GATES, on behalf of himself and those similarly situated, demands judgment against Dynamex for unpaid minimum wages, liquidated damages, prejudgment interest to the extent allowed by law, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 4th day of February, 2016.

/s/ C. RYAN MORGAN_____
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email:     RMorgan@forthepeople.com
*Attorneys for Plaintiff*